DETERMINED IN THE

# FOURTH DEPARTMENT

AT

# GENERAL TERM,

## January, 1878.

---

## CATHARINE OUTHOUSE, Respondent, v. ORRIN OUTHOUSE, Appellant.

*Destruction by its maker of an outlawed note — measure of damages for — Presumption as to pleading the statute of limitations.*

This action was brought by the plaintiff against her brother, for the conversion of a note given to her for money borrowed by him. After the lapse of more than six years from the maturity of the note, he asked her to let him see it, promising to return it. Having obtained possession of it, he threw it in the stove and burned it up. The justice at the Circuit charged, with reference to the amount of damages, that the plaintiff was entitled to recover the face of the note with interest; that, though outlawed, it constituted a moral obligation sufficient to uphold a new note or promise; that, although the defendant could have pleaded the statute of limitations in an action upon the note, yet being a wrong-doer, he was entitled to no presumptions in his favor.

*Held*, that the charge was correct.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial made at Special Term.

*H. L. Comstock*, for the appellant. The judge erred in charging the jury, in substance, that if the plaintiff's testimony was true she was entitled " to recover the full amount of the note, principal and

interest, from the time it was given to her by her brother," and the exception to such charge is well taken. (*Romig* v. *Romig*, Rawle, 241; *Lowremore* v. *Berry*, 19 Ala., 130; *O'Donohue* v. *Corby*, 22 Mo., 393; *Bredow* v. *Mut. Sav. Inst.*, 28 id., 181; *Rose* v. *Lewis*, 10 Mich., 483; *Latham* v. *Brown*, 16 Iowa, 118; *Ingalls* v. *Lord*, 1 Cow., 240; *Mathew* v. *Sherwell*, 2 Taunt., 439; *King* v. *Ham*, 6 Allen, 523; *M'Leod* v. *M'Ghie*, Man. & G., 326; *Mercer* v. *Jones*, 3 Campb., 477; *Menkins* v. *Menkins*, 23 Mo., 252; *Craig* v. *McHenry*, 35 Penn. St., 120; *Mininger* v. *Banning*, 7 Minn., 274; *Fell* v. *McHenry*, 42 Penn. St., 41; Sedg. on Damages [5th ed.], 563; *Robbins* v. *Packard*, 31 Vt., 570; *Stephenson* v. *Thayer*, 63 Me., 143; *Booth* v. *Powers*, 56 N. Y., 22.)

*Metcalf & Field*, for the respondent. In actions brought for conversion of promissory notes, chose in actions, etc., the rule seems to be well settled that the measure of damages is *prima facie* the face of the note; and that is so, even when there is no wrongful or illegal act connected with the conversion. Practically there can be no other rule of damages. (See Sedg. on Damages [6th ed.], 488, 495; *Potter* v. *Merchants' Bk.*, 28 N. Y., 641; *Decker* v. *Mathews*, 2 Kern., 313; *Rose* v. *Lewis*, 10 Mich., 483; *Parry* v. *Frame*, 2 Bos. & Pull., 451; *Clowes* v. *Hawly*, 12 Johns., 484; see, also, *King* v. *Ham*, 6 Allen, 298; Mayne on Damages, 294, 295; *M'Leod* v. *M'Ghie*, 2 Mann. & G. Reps., 326.)

Talcott, J.:

This is an appeal from a judgment entered on a verdict at the Ontario Circuit. The parties are brother and sister. The jury must be held to have found, under the charge of the court, that the plaintiff held a note against the defendant for $175, given to her for money borrowed by him; that more than six years from the time the note became payable had elapsed, and that after that time, and in the year 1874, the defendant requested the plaintiff to show him the note, and she did so on his promise to return the same to the plaintiff after he had looked at it, and thereupon he put the note in the stove and burned it up, without the consent of the plaintiff, and against her will.

The only question of law in the case arises upon the rule laid

down by the judge as to the measure of damages. He charged the jury, in effect, that if they found a verdict for the plaintiff, she was entitled to recover the full face of the note, with interest; that notwithstanding the note was outlawed, it constituted a moral obligation sufficient to form a good consideration for a new note or new promise; that if the defendant should choose to set up the statute of limitations in a suit on the note, the defense would prevail, but that the defendant, being a wrong-doer, was entitled to no presumptions in his favor. It is true that the general rule in an action for the conversion of a note of a third party is, that the damages are to be measured by the amount apparently due upon the note, but it may be shown that by reason of part payment, or the insolvency of the party obligated to pay the note, or by reason of the existence of some legal defense to the note, the plaintiff has not, in fact, sustained damages to the extent of the face of the note by reason of its conversion. (*Booth* v. *Powers*, 56 N. Y., 22.) It is, however, held that where the maker of the note has converted it, in an action brought against him for such conversion, he cannot set up his own insolvency by way of mitigating the damages. The statute of limitations is a good defense if specially pleaded. If not specially pleaded it does not defeat an action on the obligation. The question is, whether it is to be presumed that the defendant would set up that defense to this obligation in behalf of his sister, as was conceded, for borrowed money and no part of which had been paid. Could such a presumption be indulged as being the course likely to be pursued by a man under such circumstances, where the outlawry of the note was occasioned by the indulgence of his sister?

But could such a presumption be indulged in favor of this defendant? He was a wrong-doer, a willful trespasser and spoliator, and is not only deprived of all presumptions in his favor, but all presumptions are against him according to the maxim, "*Omnia presumuntur contra spoliatorem.*" It was upon this ground that the judge at the Circuit put his ruling on the question of the measure of damages, and we think it was a proper application of the rule.

Judgment affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment and order affirmed.